UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANATOLIY NIKONENKO,

    Petitioner,

v.

ALBERTO R. GONZALES,[1]

    Respondent.

CASE NO.  C05-0030-RSM

REPORT AND RECOMMENDATION

## **INTRODUCTION AND SUMMARY CONCLUSION**

On January 7, 2005, petitioner filed, *pro se*, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his final order of removal to Ukraine. (Dkt. #1). Petitioner argues that he "cannot be found as an aggravated felon where the Notice to Appear does not charge the Petitioner as an aggravated felon." (Dkt. #1 at 11). Accordingly, petitioner contends that the Immigration Judge erred in finding that he had been convicted of an "aggravated felony" and a "particularly serious crime" thereby barring him from seeking asylum and withholding of removal. Respondent argues that petitioner's aggravated felony conviction bars relief from

---

[1] On February 3, 2005, Alberto R. Gonzales was sworn in as the 80th Attorney General of the United States, succeeding former Attorney General John Ashcroft. Mr. Gonzales is "automatically substituted" as Respondent. Fed. R. Civ. P. 25(d)(1).

REPORT AND RECOMMENDATION
PAGE – 1

removal regardless of whether or not it was charged in the Notice to Appear as a ground for removal. (Dkt. #7).

After carefully reviewing the entire record, I recommend that petitioner's habeas petition (Dkt. #1) be DENIED and respondent's motion to dismiss (Dkt. #7) be GRANTED.

## **BACKGROUND AND PROCEDURAL HISTORY**

Petitioner Anatoliy Nikonenko is a native and citizen of Ukraine. On December 9, 2000, he entered the United States at Seattle, Washington, as a Public Interest Parole and was paroled until December 9, 2002. (Dkt. #8 at 145-50). On December 21, 2001, petitioner pled guilty in the Superior Court of Washington for Pierce County to Assault in the Second Degree – Deadly Weapon Enhancement, in violation of RCW 9A.36.021, and was sentenced to 60 months in prison. (Dkt. #8 at 209-10).

On April 18, 2002, the then Immigration and Naturalization Service ("INS") served petitioner with a Notice to Appear ("NTA"), placing petitioner in removal proceedings and alleging that he was removable as an alien convicted of a crime involving moral turpitude under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (Dkt. #8 at 244-45). Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

At a hearing at which petitioner was represented by counsel, petitioner conceded the allegations of fact contained in the NTA, but denied the charge of removability. Based on petitioner's admission to the allegations and the judgment and sentence, the Immigration Judge ("IJ") found petitioner removable as charged. (Dkt. #8 at 77-84). The IJ further found that petitioner's conviction constituted an aggravated felony and a particularly serious crime, rendering him statutorily ineligible for asylum, withholding of removal, and withholding under the CAT. The IJ noted that although the INS did not charge petitioner with removability as an

REPORT AND RECOMMENDATION
PAGE – 2

1  alien convicted of an aggravated felony, his conviction nevertheless precludes him from asylum
2  and withholding of removal.  (Dkt. #8 at 88).  The IJ therefore treated his application only as an
3  application for deferral of removal under the CAT.  (Dkt. #8 at 106).

4       On March 5, 2003, the IJ held a merits hearing to consider petitioner's application for
5  relief under the CAT.  Having already concluded that petitioner was ineligible for asylum and
6  withholding of removal, the IJ limited testimony to the issue of whether it was more likely than
7  not that petitioner would be tortured if removed to Ukraine.  (Dkt. #8 at 107-112).  On March
8  14, 2003, the IJ issued her written decision, finding petitioner removable as charged and
9  ineligible for any form of relief from removal.  The IJ noted her reasoning in pretermitting his
10 applications for asylum and withholding of removal, described the standard for protection under
11 the CAT, and outlined the evidence before the court.  Based on the testimony and the evidence
12 presented, the IJ found petitioner had not shown that it was more likely than not that he would
13 be tortured if removed to Ukraine.  Accordingly, the IJ denied petitioner's application for relief
14 under the CAT, and ordered him removed to Ukraine.  (Dkt. #8 at 77-84).

15      Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  (Dkt.
16 #8 at 25-39).  On August 14, 2003, the BIA affirmed the IJ's decision, holding that petitioner
17 "failed to prove with a preponderance of the evidence that he was not convicted of an
18 aggravated felony and a particularly serious crime which render him ineligible for asylum,
19 statutory withholding of removal, and withholding of removal pursuant to the Convention
20 Against Torture."  (Dkt. #8 at 22).  The BIA also concluded that petitioner "failed to prove that
21 he more likely than not faces torture if removed to Ukraine."  (Dkt. #8 at 22).

22      Petitioner timely filed a Petition for Review with the Ninth Circuit Court of Appeals.  On
23 June 21, 2004, the Ninth Circuit granted the Government's motion to dismiss for lack of
24 jurisdiction.  (Dkt. #7, Ex. A).

25
26 REPORT AND RECOMMENDATION
   PAGE – 3

On July 23, 2004, petitioner filed, *pro se*, a Personal Restraint Petition with the Washington State Court of Appeals pursuant to RCW 10.73.090, collaterally attacking his conviction and sentence for second degree assault with a deadly weapon.  On November 29, 2004, the Court of Appeals dismissed the petition.  (Dkt. # 7, Ex. B).

On January 7, 2005, petitioner filed, *pro se*, the instant habeas petition, seeking review of the BIA's decision.  (Dkt. #1).  On February 14, 2005, respondent filed a Return Memorandum and Motion to Dismiss.  (Dkt. #7).  Petitioner did not file a response to respondent's motion to dismiss.  The briefing is now complete and the habeas petition and motion to dismiss are ready for review.

## **DISCUSSION**

Petitioner asserts that because the Notice to Appear did not charge him as removable for having committed an aggravated felony or a particularly serious crime, the conviction may not be used to bar his eligibility for asylum and withholding of removal.  (Dkt. #1 at 11).  Petitioner further contends that he was denied a full and fair hearing in violation of his due process rights because the IJ prevented him from offering evidence of "persecution."  (Dkt. #1 at 18).  Respondent argues that petitioner's conviction of an aggravated felony may serve as the basis to bar relief from removal regardless of whether or not it was charged in the Notice to Appear as a ground of removal.  (Dkt. #7 at 9).

For the following reasons, the Court agrees with respondent and recommends that petitioner's habeas petition be dismissed.

*Aggravated Felony*

Petitioner was convicted of assault with a deadly weapon, and was sentenced to 60 months in prison.  That offense constitutes an aggravated felony, INA §§ 237(a)(2)(A)(iii), 101(a)(43), 8 U.S.C. §§ 1227(a)(2)(A)(iii), 101(a)(43); *Ocampo-Duran v. Ashcroft*, 254 F.3d

REPORT AND RECOMMENDATION
PAGE – 4

1133, 1134 (9th Cir. 2001)(holding that conviction for assault with a deadly weapon is an aggravated felony), and due to the 60-month sentence, a particularly serious crime, INA § 241(b)(3)(B); 8 U.S.C. § 1231(b)(3)(B); *Unuakhaulu v. Ashcroft*, 398 F.3d 1085, 1088-89 (9th Cir. 2005). Petitioner's conviction of an aggravated felony and a particularly serious crime renders him ineligible for asylum, statutory withholding of removal, and withholding under the CAT. See 8 C.F.R. §§ 1208.13(c)(2)(i)(D), 1208.16(d)(2), 1240.8(d). The fact that the INS did not charge him in the Notice to Appear with that ground of removal does not alter petitioner's status as an aggravated felon for purposes of availability for relief from removal. *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1055-56 (9th Cir. 2003).

As respondent argues, the Ninth Circuit has consistently held that where a conviction is specifically mentioned in the Notice to Appear, the fact that the offense is an aggravated felony may be considered for purposes of barring eligibility for relief from removal, and also for purposes of limiting the jurisdiction of the Court. *See Briseno v. INS*, 192 F.3d 1320, 1322 (9th Cir. 1999); *Abdel-Razek v. INS*, 114 F.3d 831, 832 (9th Cir. 1997); *see also Chowdhury v. Ashcroft*, 249 F.3d 970, 975 (9th Cir. 2001)(aggravated felony was not contained in the NTA). The Ninth Circuit has further held that an aggravated felony not listed in the Notice to Appear as a ground of removal could nevertheless serve as a bar to discretionary relief. *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1055-56 (9th Cir. 2003)(holding that a conviction for an aggravated felony could be relied on as the basis for denying former section 212(c) relief, "regardless of whether or not it was charged in the Notice to Appear as a ground of removal.").

Petitioner relies on *Chowdhury* in support of his contention that his aggravated felony conviction cannot be used to bar his eligibility for relief from removal where it was not charged in the NTA as a ground of removal. *Chowdhury*, however, considered whether a conviction <u>not</u> alleged in the NTA could constitute an aggravated felony as the basis for removal. *Chowdhury*,

REPORT AND RECOMMENDATION
PAGE – 5

249 F.3d at 975. The Ninth Circuit held that even though the petitioner had been convicted of a crime that constituted an aggravated felony, the INS could not raise that conviction for the first time on appeal as a basis for precluding judicial review. To hold otherwise, the Ninth Circuit stated, would have deprived the petitioner of fair notice and an administrative hearing. *Id.* at 975.

Unlike *Chowdhury*, petitioner's conviction was alleged in the Notice to Appear. Accordingly, petitioner was on notice that his conviction would be considered not only through the Notice to Appear, but also through the IJ's preliminary ruling advising him that his conviction renders him ineligible for asylum and withholding of removal. Having received such notice, the burden was on petitioner to prove that such grounds of mandatory denial did not apply to him. Petitioner's conviction was properly considered by the IJ as the basis for denying asylum and withholding of removal, even though it was not charged in the Notice to Appear as a ground for removal. Accordingly, the Court finds petitioner's argument to be without merit.[2]

*Procedural Due Process*

Petitioner also claims that the IJ deprived him of procedural due process by preventing him from presenting evidence of "persecution" in support of his application for deferral of removal under the CAT. The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process. *See Yamataya v. Fisher*, 189 U.S. 86, 100-01, 23 S. Ct. 611, 47 L. Ed. 721 (1903). The Court nonetheless rejects petitioner's constitutional challenge on the basis that he cannot show prejudice. To demonstrate a violation of due process, an alien must demonstrate both a fundamental procedural error and that the error

---

[2] To the extent that petitioner argues that he was not convicted of an "aggravated felony," the Ninth Circuit has already decided that issue against him, *Nikonenko v. Ashcroft*, No. 03-73277 (9th Cir June 21, 2004)(order dismissing petition for review for lack of jurisdiction). *See Nunes v. Ashcroft*, 375 F.3d 805 (9th Cir. 2004)(holding that the court's jurisdictional finding that alien was convicted of an aggravated felony was binding in alien's subsequent habeas action).

REPORT AND RECOMMENDATION
PAGE – 6

resulted in prejudice. *See, e.g., U.S. v. Garcia-Martinez*, 228 F.3d 956, 960 (9th Cir. 2000).

As the government indicates, however, there was no prejudice because the IJ pretermitted petitioner's application for asylum based on his aggravated felony conviction, thus making evidence of "persecution" irrelevant. The IJ properly considered petitioner's claim for deferral of removal pursuant to the CAT, and permitted petitioner to present evidence of "torture" in support of his claim. There is no evidence in the record that the IJ deprived petitioner of a reasonable opportunity to present evidence of alleged torture. Petitioner has no constitutional right to present evidence on an application for which he is ineligible, and therefore cannot claim a due process violation. Because asylum and withholding of removal are statutorily unavailable petitioner's due process claim is also without merit.

## **CONCLUSION**

Accordingly, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this  11th  day of April, 2005.

Mary Alice Theiler
U.S. Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 7